Judge Owsley
delivered the opinion.
On the 10th of June, 1815, John D. Young executed to Bartholomew Blunt, a note, by which he promised to pay two hundred dollars, sixty days after date.
This note was afterwards assigned by Blunt to Bird Smith, and payment thereof not being made, Smith bro’t suit upon the note, against Young.
Smith, however, having ultimately failed to make the amount out of Young, brought this suit against Blunt, upon the assignment of the note.
For the purpose of shewing his right to recover, Smith, on the trial in the circuit court, produced in evidence, a transcript of the record and proceedings had by him in the action on the note; from which it appears, that the action was commenced on the 15th of August, 1815, the writ *523 served on the 18th of August, 1815, judgment rendered therein, against Young, at the September term, 1815, a fieri facias issued thereon the 2d of October, 1815, upon which the sheriff returned no property found, and on the 24th day of April, 1816, a capias ad satisfaciendum issued against the body of Young, and was executed by the sheriff, but by agreement of the parties, Young was not imprisoned, and Blunt waived all objections to the exercise of due diligence, on account of Young’s discharge from execution. Smith also offered in evidence, two certificates, given by two justices of the peace, one dated the 2d of September, 1815, and the other the 2d of October, 1815, purporting to be discharges of said Young, as an insolvent debtor, from imprisonment, where he had been committed under executions, to which neither Smith, or Blunt was party, or privy. These certificates were objected to by Blunt, and excluded by the court; and there being no other evidence offered, the court, on the motion of Blunt, instructed the jury to find as in case of a non suit.
On an assigned obligation, pltff. omitting to sue forth a casa for five months after the return of the fi fa is an unreasonable delay, & as a casa is indispensable, the assignor is discharged from his liability.
Were the certificates properly rejected, we apprehend, there can be little doubt, but the court decided correctly, in giving the instructions to the jury. It is not only necessary for an assignee to use proper diligence in the commencement of suit upon the assigned obligation, but the suit, when commenced, should, moreover, by the vigilant application of all the means furnished by law to the assignee, be diligently pursued throughout. Suit upon the assigned note, should not only be commenced in proper time, but after judgment, final execution must also be sued out in proper time; and for neglect in either, the assignor will be absolved from liability. And as the suing out a ca sa is indispensible to the assignee’s right to recourse against the assignor, that negligence, in failing to commence suit, which would discharge the assignor, will also discharge him if applied to the suing out the ca sa.
An application of these principles to the case under consideration, will demonstrate the insufficiency of the evidence admitted to authorise the plaintiff to recover. The ca sa appears not to have issued for nearly five months after the return day of the fi. fa. A failure to sue for such a length of time after an assigned obligation becomes payable, has been held inexcusable negligence; and a fortiori, should the failure in not suing out the ca sa, for that time, discharge the assignor from liability.
Certificates of debtors’ insolvency is evidence only against the ptff. in execution under which it was procured, & his privies.
Wickliffe for appellant, Haggin for appellee.
It is true the fi. fa. issued in apt and proper time, but the circumstance of the assignee having exercised proper diligence in one thing, cannot excuse him from the exercise of it in relation to other things
And with respect to the excluded evidence, we are of opinion the court decided correctly.
If by the discharge of an insolvent debtor, he were not liable to be again imprisoned at the suit of other creditors, it would follow, that the certificates of discharge ought to be evidence; for, as in that case, the insolvent debtor could not be again regularly arrested under a ca sa, the certificate of discharge, from necessity, would, as to all the world, in cases involving the question, be competent evidence to prove the discharge.
But under the statute of this country, the insolvent debtor, notwithstanding such a discharge, may be imprisoned at the suit of other creditors, and if desirous of availing himself of the law concerning insolvent debtors, would have again to take the oath prescribed for debtors of that character, and before he would do so, the person at whose suit he may he imprisoned should have due notice.
The discharge of the justice, therefore, cannot have been intended by the legislature, in their enactments upon the subject, to have any operation against those having no interest in the cause in which the debtor may have been released; and to make the certificate of discharge evidence against others, would be a palpable violation of the rule which excludes the admission of records as evidence against persons not parties or privies thereto.
If the debtor be discharged from an execution which issues upon a judgment obtained on the assigned bond, there is no doubt, but in an action against the assignor of the bond, the certificate of discharge would be admissible evidence, but the propriety of its admission, in such a case, results from the necessity of pursuing the obligor in an action upon the bond to insolvency, and that necessity does not require the certificate to be used in evidence against any other than those who may have assigned the obligation upon which the judgment was obtained and from which the insolvent debtor has, by the certificate, been discharged.
The judgment must be affirmed with cost.